IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE WILLIAM MACON | § | |
| (TDCJ No. 1568331), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:15-cv-855-D-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division,[1] | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Bruce William Macon, a Texas inmate, proceeding *pro se*, has filed an

application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has

been referred to the undersigned United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Sidney A. Fitzwater. The undersigned issues the

following findings of fact, conclusions of law, and recommendation that the Court

should deny the habeas application with prejudice as time-barred.

**Applicable Background**

In 2009, a jury found Macon guilty of two counts of unlawful restraint exposing

---

[1] Lorie Davis has succeeded William Stephens as Director of the Texas
Department of Criminal Justice, Correctional Institutions Division, and, as his
successor, she is "automatically substituted as a party." FED. R. CIV. P. 25(d).

the victims to a substantial risk of serious bodily injury, and he was sentenced to 40 years' imprisonment. *See State v. Macon*, Nos. F09-00206-TH & F09-00207-TH (Crim. Dist. Ct. No. 1, Dallas Cnty., Tex.). His convictions and sentences were affirmed on appeal, and he failed to timely petition the Texas Court of Criminal Appeals (the "CCA") for discretionary review. *See Macon v. State*, Nos. 05-09-00511-CR & 05-09-00512-CR, 2010 WL 3895685 (Tex. App. – Dallas Oct. 5, 2010, no pet.); *Macon v. State*, PD-0967-11 & PD-0968-11 (Tex. Crim. App. July 12, 2011) (denying leave to file out-of-time petitions for discretionary review ("PDR")).

Prior to filing this action, Macon filed multiple state habeas applications. *See Ex parte Macon*, WR-76,956-01, -02, -03, -04, -05, -06, -07, & -08 (Tex. Crim. App.). His first two applications were dismissed by the CCA as noncompliant. The third and fourth applications were dismissed without a written order. Macon's fifth and sixth applications were dismissed on the findings of the trial court made without a hearing. And his seventh and eighth applications were dismissed as an abuse of the writ.

The sole claim in Macon's federal habeas application is that his trial counsel provided ineffective assistance, in violation of the Sixth Amendment, by failing to inform Macon of a six-month plea offer, which Macon alleges that he first learned of on November 14, 2013, after the CCA denied his fifth and sixth state habeas applications.

**Legal Standards**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought

under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs*, 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d

390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires

-4-

reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

As Macon failed to file a timely PDR, and because the CCA denied him leave to file an out-of-time PDR, his state convictions became final for federal limitations purposes "upon the expiration of the time for seeking further review through the filing of a PDR." *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was thirty days after the Dallas Court of Appeals affirmed his convictions, or November 4, 2010. *See Flores v. Quarterman*, 467 F.3d 484, 485–86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694 (5th Cir. 2003); TEX. R. APP. P. 68.2. Accordingly, his federal habeas application was due to be filed no later than November 4, 2011. *See* 28 U.S.C. § 2244(d)(1)(A). This federal habeas application, which Macon certifies was placed in the prison mailing system on March 11, 2015, *see* Dkt. No. 3 at 10, is therefore untimely by more than three years and four months unless statutory or equitable tolling apply.

In addition, the federal-limitations period was not tolled while Macon sought state-habeas relief, because Macon failed to seek such relief within one year from November 4, 2010. *See Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013) ("Where the applicant files his or her state post-conviction petition after the time for filing a § 2254 application has lapsed, the state petition does not operate to toll the one-year

limitations period." (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000))).

Macon appears to invoke statutory tolling under Section 2244(d)(1)(D), the factual-predicate provision, by claiming that he first learned of the six-month plea offer on "November 14, 2013, when the trial court made its findings of fact and conclusions of law in response to petitioner's third application for writ of habeas corpus in state court." Dkt. No. 3 at 9.

But this assertion is contradicted by evidence submitted in Macon's fifth state habeas proceeding, an affidavit of his trial counsel dated October 24, 2013, which in part provides:

> My name is Roger Lenox. I am over 18 years of age and competent to make this affidavit. I was appointed by the Court to represent Mr. Bruce Macon on or about December 01, 2009. Mr. Macon was charged with Unlawful Restraint Under 17 in cause no's F08-63532 and F08-63533, both state jail felonies. I promptly met with Mr. Macon and determined that he wanted a jury trial. I met with the prosecutor, Ms. Cresta Lemaster, and discussed the case. Ms. Lemaster made a plea offer within the state jail range, I believe the offer was 180 days in the state jail on both cases, to, be run concurrently and credit for any backtime. Mr. Macon was insistent on maintaining his innocence and insisted on a speedy trial. Ms. Lemaster and I met several times. Mr. Macon and I met several times. She would not dismiss the cases or reduce to misdemeanors. Mr. Macon would not accept the plea offers within the state jail range of punishment. The cases were set for jury trial on March 30, 2009.
>
> Subsequent to the cases being set for jury trial. Ms. Lemaster reindicted the cases under cause no's F09:00206 and FQ9-00207. The reindicted charges were Unlawful Restraint SBI, both third degree felonies. Prior to trial, discovery was obtained from the state and discussed with Mr. Macon, including but not limited to the 911 tape. Mr. Macon continued to insist that he had done nothing wrong and would not consider any plea offer. Mr. Macon was a very opinionated and strong willed person. He listened to my advice and many times disregarded it. I kept him informed of the case, plea offers and discovery factors as they developed, made Mr. Macon aware that the best person to testify about his state of mind was

himself.

Dkt. No. 16-10 at 13.

In addition, Macon has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ... made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 2016 WL 672565, at *4.

## Recommendation

The Court should deny the application for a writ of habeas corpus with prejudice because it is time-barred.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     DATED: November 14, 2016

                             _____

                             DAVID L. HORAN
                             UNITED STATES MAGISTRATE JUDGE